"AMENDED COMPLAINT"

"AMENDED COMPLAINT"

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Michael A Powell
_____
**Plaintiff**
*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

(( SEE ATTACHED ))
ON NEXT PG.
_____
**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-00457-RDP-JEO
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

## I.     The Parties to this Complaint

### A.     The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name — MICHAEL A. POWELL

All other names by which
you have been known: — _____

ID Number — 305725

Current Institution — SHELBY COUNTY JAIL

Address — P.O. BOX 1240

COLUMBIANA                    AL          35051
*City*                        *State*     *Zip Code*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name — SEE ATTACHED PAPERS
Job or Title *(if known)* — ON NEXT PAGE
Shield Number — FOR ALL DEFENDANTS
Employer — _____
Address — _____

_____
*City*          *State*          *Zip Code*

☐ Individual Capacity     ☐ Official Capacity

Defendant No. 2

Name — _____
Job or Title *(if known)* — _____
Shield Number — _____
Employer — _____
Address — _____

_____
*City*          *State*          *Zip Code*

☐ Individual Capacity     ☐ Official Capacity

B. THE DEFENDANT(S)

DEFENDANT NO. 1

Name      JOHN SAMANIEGO
JOB OR TITLE   SHELBY COUNTY SHERIFF
EMPLOYER    SHELBY COUNTY SHERIFF DEPT.
ADDRESS     380 McDow Rd.
           COLUMBIANA, AL 35051
      [X] Individual Capacity    [X] OFFICIAL CAPACITY

DEFENDANT NO. 2

Name      LIEUTENANT TIMOTHY LAATSCH
JOB OR TITLE   alias SHELBY COUNTY JAIL LIEUTENANT
EMPLOYER    SHELBY COUNTY SHERIFF DEPARTMENT
ADDRESS     380 McDow Rd.
           COLUMBIANA, AL 35051
      [X] INDIVIDUAL CAPACITY    [X] OFFICIAL CAPACITY

DEFENDANT NO. 3

Name      LIEUTENANT    HOOD
JOB OR TITLE   SHELBY COUNTY JAIL LIEUTENANT
EMPLOYER    SHELBY COUNTY SHERIFF DEPARTMENT
ADDRESS     380 McDow Rd.
           COLUMBIANA, AL 35051
      [X] INDIVIDUAL CAPACITY    [X] OFFICIAL CAPACITY

DEFENDANT NO. 4

Name      JAY FONDREN
JOB OR TITLE   SHELBY COUNTY JAIL CAPTAIN
EMPLOYER    SHELBY COUNTY SHERIFF DEPARTMENT
ADDRESS     380 McDow Rd.
           COLUMBIANA, AL 35051
      [X] INDIVIDUAL CAPACITY    [X] OFFICIAL CAPACITY

DEFENDANT NO. 5

Name      TADKNBURG
JOB OR TITLE   SHELBY COUNTY JAIL CORRECTIONAL OFFICER (JAILOR)
EMPLOYER    SHELBY COUNTY SHERIFF DEPARTMENT
ADDRESS     380 McDow Rd.
           COLUMBIANA, AL 35051
      [X] INDIVIDUAL CAPACITY    [X] OFFICIAL CAPACITY

( CONTINUED ON NEXT PAGE )

DEFENDANT No. #5

NAME         Classication Of. K. Buird
JOB OR TITLE  SHELBY COUNTY JAIL CLASSICATION OFFICER
EMPLOYER     SHELBY COUNTY SHERIFF DEPARTMENT
ADDRESS      380 McDow Rd.
             Columbiana, AL 35051
             ☑ Individual Capacity   ☑ Official Capacity

DEFENDANT No. #6

NAME          QUALITY CORRECTIONS HEALTH CARE
JOB OR TITLE  SHELBY COUNTY MEDICAL (HEALTH CARE) PROVIDER (FOR IRMA FLEX)
TITLE/EMPLOYER SHELBY COUNTY JAIL'S MEDICAL HEALTH CARE) PROVIDER
EMPLOYER
ADDRESS       102 Industrial PKWY
              Columbiana, AL  35051
              ☑ Individual Capacity   ☑ Official Capacity

DEFENDANT No. #7

NAME          Commissioner TERRY ROLAND
JOB OR TITLE  COMMIS SHELBY COUNTY Commissioner
EMPLOYER      SHELBY COUNTY
ADDRESS       200 W. College St.
              Columbiana, AL  35051
              ☐ Individual Capacity   ☑ Official Capacity

Defendant No. 3

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

                      *City*          *State*        *Zip Code*

    ☐ Individual Capacity    ☑ Official Capacity

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

                      *City*          *State*        *Zip Code*

    ☐ Individual Capacity    ☐ Official Capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    ☐   Federal officials (a *Bivens* claim)

    ☑   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8ᵀᴴ AMENDMENT, 14ᵀᴴ AMENDMENT, 5ᵀᴴ AMENDMENT

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED PAPER ON NEXT PAGE — TITLED
( D. SECTION 1983 ALLOWS · · · · ) ON PAGES 4(A) - 4(d)

III.   **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other
*(explain)*

IV.   **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED PAPER
TITLED "STATEMENT OF CLAIM" ON PAGES
( ON PAGES 4(E) - 4(J) )

4

C. What date and approximate time did the events giving rise to your claim(s) occur?

_SEE ATTACHED PAPER TITLED_
_"STATMENT OF CLAIM"   PG 4(E) - 4(J)_

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_SEE ATTACHED PAPER TITLED_
_"STATEMENT OF CLAIM"   PG 4(E) - 4(J)_

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

_TORN BACK MUSCLES, PINCHED NERVES IN BACK, BROKEN FRONT TEETH, CONCUSSION PLUS I RECEIVED A DEEP SCRATCH ON PENIS DURING SEXUAL ASSAULT_

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_SEE ATTACHED PAPER TITLED_
_"RELIEF"   ON NEXT PAGE_

5

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SHELBY COUNTY DETENTION CENTER (JAIL)

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

VIOLATION OF MY 8TH, 14TH, AND 7TH AMENDMENT RIGHTS

AND 5TH AND AMENDMENT RIGHTS

6

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

SHELBY COUNTY DETENTION CENTER (JAIL) ON JAIL'S KIOSK — AND LETTERS

2.  What did you claim in your grievance?

THAT I WAS BLIND (COULDN'T SEE) WAS IN DANGER BY TOP BED ASSIGNMENT — WAS BEING THREATENED WITH VIOLENCE BY OTHER INMATE — TOP BEDS ARE A SAFETY HAZARD

3.  What was the result, if any?

NO RESULTS WERE GIVEN BUT WAS MADE TO WAIT, NO ACTION TAKEN BY OFFICIALS TO PREVENT HARM

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

THE GRIEVANCES WERE COMPLETED
PRESENTED GRIEVANCES TO LIETENANTS, CLASSIFICATION OFFICER, CAPTAIN SHERIFF AND COUNTY COMMISSIONER

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

         _____

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

         _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____( *SEE NEXT PAGES TITLED EXHIBITS* )_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII.   Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☑ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____

_____N/A_____

_____

_____

_____

PG 4(A)

D. SECTION 1983 allows DEFENDANTS to BE FOUND LIABLE.....

## JOHN SAMANIEGO

DEFENDANT ACTED UNDER THE COLOR OF STATE & LOCAL LAW WHEN HE DELIBERATELY CHOSE NOT TO CORRECT DANGEROUS & WRECKLESS DECISIONS OF HIS COUNTY JAIL'S ADMINISTRATION TOWARDS PLAINTIFF THAT WAS BROUGHT TO HIS ATTENTION BY PLAINTIFF AS A GRIEVANCE ASKING HIM TO REMEDY THE SERIOUS PROBLEM OF BEING FORCED TO CLIMB AND SLEEP ON A TOP BED IN THE JAIL UNDER DANGEROUS CIRCUMSTANCES AS THE TOP BEDS DESIGN DIDN'T PRESENT EASY ACCESS COUPLED WITH THE FACT THAT PLAINTIFF IS LEGALLY BLIND AND THE JAIL'S ADMINISTRATION OFFICERS WEREN'T TRYING TO ELIMINATE THE UNSAFE LIVING SITUATION FACED BY PLAINTIFF (TOP BED) AND WOULDN'T EVEN ASSIGN HIM TO A BOTTOM BED. DEFENDANT STRESSED HIS POSITION AS " THE SHERIFF DEPT. WOULDNT CHANGE OR OVER RI ANY DECISION MADE BY THE COUNTY JAIL'S ADMINISTRATION" (SUCH DECISIONS LED TO THE SERIOUS INJURY OF PLAINT AS THE MANAGEMENT AND CONTROL OF THE SHELBY COUNTY JAIL IS VESTED IN HIM (THE SHERIFF) WHICH INCLUDES THE WELFARE OF INMATES
    THEREFORE  DEFENDANT ACTED UNDER COLOR OF STATE & LOCAL LAW WITH THE DELIBERATE
INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM OR INJURY HAPPENING TO PLAINTIFF IN VIOLATION OF PLAINTIFF'S 8TH AMENDMENT RIGHTS — DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN HE DELIBERATELY REFUSED TO ACKNOWLEDGE AND REMEDY THE DANGEROUS SAFETY HAZARD OF THE JAIL'S TOP BEDS (WHEN IT WAS BROUGHT TO HIS ATTENTION) AND STILL HASN'T DONE SO AT THE PRESENT TIME.

## TIMOTHY LAATSCH

    DEFENDANT LAATSCH ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN BY HIS DELIBERATE INDIFFERENCE AND WRECKLESS DELIBERATE NEGLIGENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS —— AS WELL AS BY HIS DELIBERATE AND WRECKLESS INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY TO PLAINTIFF IN VIOLATION OF PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS WHEN HE (LT. LAATSCH) ON (1-  -17) CAME TO CELL (BKFI) AND CAME HEARD PLAINTIFF'S CRIES FOR HELP AND OBSERVED PLAINTIFF LAYING ON HIS BACK ON THE FLOOR OF BKFI CELL IN PAIN, TEMPORARILY PARALYZED AND UNABLE TO FEEL AND MOVE HIS LEGS OR BACK — AND DELIBERATELY CHOSE TO IGNORE AND DENY PLAINTIFF THE APPROPRIATE MEDICAL ATTENTION AND WALKED AWAY FROM PLAINTIFF'S CELL (BKFI) AFTER PLAINTIFF COULDN'T GET UP OFF OF THE FLOOR AS (LT. TIMOTHY LAATSCH) SAID WOULD BE THE ONLY WAY HE GOT MEDICAL ATTENTION (IF PLAINTIFF GOT UP) — KNOWING WELL THAT PLAINTIFF HAD SUSTAINED INJURIES TO BACK FROM FALL OFF OF TOP BED AND DOCUMENTED INJURIES WITH LOSS OF FEELING IN LEGS & BACK —— BUT (LT. LAATSCH) STILL CHOSE TO WALK AWAY FROM PLAINTIFF MEDICAL CRISIS AND DELIBERATELY CHOSE NOT TO HAVE PLAINTIFF TAKEN TO THE JAIL'S MEDICAL UNIT OR HAVE THE NURSES COME AND GIVE PLAINTIFF MEDICAL ATTENTION OR EXAMINE HIM — AS PLAINTIFF DIDN'T RECEIVE ANY MEDICAL ATTENTION ON LT. LAATSCH'S SHIFT AND LAYED IN HIS OWN FECES AND URINE WITH NEW INJURIES TO BACK

    DEFENDANT LT. LAATSCH AS WELL UNDER THE COLOR OF STATE AND LOCAL LAW VIOLATED PLAINTIFF'S 5TH AND 14TH AMENDMENT RIGHTS (DUE PROCESS) AS A DISCIPLINARY HEARING OFFICER THAT REGULATED AND CONTROLLED DISCIPLINARY HEARING ON (  -17-17) AGAINST PLAINTIFF THAT DEPRIVED PLAINTIFF OF THE OPPORTUNITY 1.) TO QUESTION AND HAVE HIS OWN WITNESSES PRESENT AT DISCIPLINARY HEARING 2.) TO REPRESENT QUESTION. TO OFFICER WHO WROTE DISCIPLINARY 3.) TO PRESENT MY WITNESSES AT THE HEARING AND PRESENT QUESTION. TO THEM WHO WITNESSED THE SEXUAL ASSAULT ON ME BY ANOTHER INMATE AS THE DISCIPLINARY CHARGES AROSE FROM THE SAME INCIDENT AS THE SEXUAL ASSAULT WHERE I HAD TO PROTECT MYSELF AND FORCE ANOTHER INMATE OFF OF ME DURING THE SEXUAL ASSAULT THAT I HAD REPORTED AND ENDED UP WITH AN ASSAULT DISCIPLINARY FROM MY REPORTING THE INCIDENT 4.) DEFENDANT AS WELL DIDN'T HAVE THE OFFICER PRESENT WHOM I REPORTED THE SEXUAL ASSAULT TO. AND ACTED AS IF HE (LT. LAATSCH) DIDN'T KNOW WHO THAT OFFICER WAS EVEN THOUGH I HAD REQUESTED TO PRESENT QUESTIONS TO HIM AS HE WAS THE SAME OFFICER THAT INVESTIGATED THE WHOLE SITUATION. THE DISCIPLINARY PROCEDURES OF (LT. LAATSCH) ARE JAIL BASED AND FORMULATED BY THE SHELBY COUNTY JAIL AND ARE AGAINST PLAINTIFF'S 5TH AND 14TH AMENDMENT RIGHTS.

PG 4(b)

_____

### HOOD)

DEFENDANT ACTED UNDER THE COLOR OF STATE LAW WITH THE DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF ——— WHEN PLAINTIFF FILED A GRIEVANCE ON (12-26-16) ABOUT HIS BLINDNESS, THE DANGER OF SLEEPING AND GETTING UP ON A TOP AND THE LIGHTS BEING OUT AND GOING UNFIXED IN THE CELLS ——— BUT LIEUTENANT HOOD ANSWERED THE GRIEVANCE AND ~~CHOSE~~ DELIBERATELY CHOSE NOT TO IMPLEMENT ANY IMMEDIATE ACTIONS TO ELIMINATE THE DANGEROUS CIRCUMSTANCES THAT PLAINTIFF WAS BEING FORCED TO ENDURE. SUCH JUSTIFIED ACTIONS AS REASSIGNING PLAINTIFF TO A BOTTOM BED OR RE-ASSIGNING PLAINTIFF AND OTHER INMATES TO ANOTHER BLOCK WHERE LIGHTS IN THE CELLS WORKED. SUCH DELIBERATE NEGLIGENCE AND WRECKLESS DISREGARD FOR A BLIND PERSON AND A DANGEROUS TOP BED SITUATION (AS TOP BEDS HAVE NO CONVENIENT OR EASY WAY TO BE ACCESSED NO LADDERS, STEPS, OR HANDLES) RESULTED IN SERIOUS INJURY TO PLAINTIFF AS HE FELL ALMOST 6FT BACKWARDS OFF THE TOP BED, THUS DEFENDANT (LIEUTENANT HOOD) VIOLATING PLAINTIFF'S 8TH AMENDMENT RIGHTS.
   DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW AND VIOLATED PLAINTIFF'S 14TH AMENDMENT RIGHTS ——— WHEN HE DELIBERATELY ACTED WITH WRECKLESS INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS WHEN HE DELIBERATELY FAILED TO ACKNOWLEDGE PLAINTIFF'S SEVER BLINDNESS AND PROVIDE HIM A SAFE SECURE ~~BED~~ SLEEPING SITUATION (BOTTOM BED).

### ( CAPTAIN JAY FONDREN )

~~DEFEN~~
DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW WITH THE DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF ——— WHEN THE DEFENDANT WAS NOTIFIED THROUGH A WRITTEN GRIEVANCE (12-15-16) FROM PLAINTIFF ABOUT PLAINTIFF'S MEDICAL CONDITION (LEGALLY BLIND) AND THE CIRCUMSTANCES OF BEING MADE TO SLEEP ON A TOP BED WHICH POSED A SERIOUS SAFETY HAZARD TO PLAINTIFF AS THERE WAS NO EASY OR CONVENTIONAL MEANS OF GETTING UP ON THE TOP BED BECAUSE OF THE LACK OF A LADDER, STEPS OR HANDLES WHICH LEFT THE OPTION OF CLIMBING ON A TOILET THEN SINK TO GET ON BED. ——— DEFENDANT STILL CHOSE TO ONLY RESPOND ON THE GRIEVANCE OF PAPER OF PLAINTIFF WITH A SMALL MESSAGE (12-"WILL GET TO YOU SOON" BUT NOT TAKING ONE IMMEDIATE ACTION TO REMEDY A SERIOUSLY POTENTIALLY DANGEROUS AND HARMFUL CIRCUMSTANCE FOR PLAINTIFF ——— BY SIMPLY JUST RE-ASSIGNING PLAINTIFF TO A BOTTOM BED. DEFENDANT (CAPT. JAY FONDREN) RATHER DELIBERATELY WITH INTENTIONAL NEGLIGENCE CHOSE NOT TO DO ANYTHING TO SECURE PLAINTIFF'S SAFETY ~~AND~~ AS A RESULT PLAINTIFF FELL FROM ALMOST 6 FT BACKWARDS OFF OF TOP BED CAUSING SIGNIFICANT SERIOUS INJURIES TO PLAINTIFF ——— THUS DEFENDANT VIOLATING PLAINTIFF'S 8TH AMENDMENT RIGHTS AND 14TH AMENDMENT RIGHTS

   DEFENDANT CAPT FONDREN ACTED UNDER THE COLOR OF STATE/LEGAL LAW WITH THE DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF ——— WHEN THE DEFENDANT AND ANOTHER JAIL OFFICIAL WAS NOTIFIED OF THREATS OF VIOLENCE ~~BU~~ BY PLAINTIFF'S GRIEVANCE ON KIOSK (4-2-17  ) AND ANOTHER INMATES GRIEVANCE THAT CLEARLY COMPLAINED OF THREATS OF VIOLENCE BEING MADE BY ANOTHER INMATE TOWARDS THEM ——— BUT DEFENDANT REJECTED PLAINTIFF'S GRIEVANCE, DID NOTHING, AND ONLY SAID THAT HE HAD REFERRED IT TO OFFICER BAIRD.
   THE THREATS OF VIOLENCE MADE BY AN INMATE WOULD EVENTUALLY MATERIALIZE INTO A SEXUAL ASSAULT ON PLAINTIFF BY THE SAME INMATE THAT PLAINTIFF COMPLAINED ABOUT IN HIS GRIEVANCE TO CAPT FONDREN AND EVEN AFTER THE SEXUAL ASSAULT UPON PLAINTIFF, PLAINTIFF HAD ANOTHER GRIEVANCE FILED TO CAPT. FONDREN TO REMIND HIM OF PLAINTIFF REPORTING THE ACTIONS OF THE SAME INMATE TO HIM PRIOR TO THE SEXUAL ASSAULT ——— BUT CAPT. FONDREN DID NOTHING TO MAKE KNOWN THE HISTORY OF THE THREATS OF VIOLENCE AND ALLOWED (LIEUTENANT ~~LARSON~~ HOOD    ) TO PUSH THE SEXUAL ASSAULT UNDER THE RUG AND PERFORM A DECEPTIVE INVESTIGATION THAT HID THE TRUE STATEMENTS OF WITNESSES THAT SAW THE SEXUAL ASSAULT AND HID THE SEXUAL ASSAULT REPORT I HAD MADE TO OFFICER AND P.R.E.A.
   THUS DEFENDANT VIOLATING PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS AGAIN. WHICH RESULTED IN SIGNIFICANT INJURY TO PLAINTIFF'S PENIS AS DOCUMENTED BY MEDICAL STAFF. PLUS VIOLATION OF PLAINTIFFS 5TH AND 14TH AMENDMENT RIGHTS AS PLAINTIFF (A STATE PRISON INMATE) SHOULD'VE NEVER BEEN HOUSED WITH A COUNTY INMATE

IN THE FIRST PLACE, AS THE INMATE WHO COMMITTED THE SEXUAL ASSAULT ON PLAINTIFF WAS A COUNTY INMATE (CHARLES GRIER)

## Classification Officer          Buird

DEFENDANT, ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN HE ACTED IN HIS OFFICIAL CAPACITY AS CLASSIFICATION OFFICER WITH DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF WHEN HE DEFENDANT DELIBERATELY DECLINED TO DO ANYTHING ABOUT PLAINTIFF'S SERIOUS POTENTIALLY DANGEROUS SITUATION OF BEING [struck] ASSIGNED TO A TOP BED BY DEFENDANT BUIRD WHEN DEFENDANT MOVED PLAINTIFF INTO THE SPECIAL NEEDS [struck] BLOCK ON (12 - -16) EVEN WHILE DEFENDANT KNEW THAT PLAINTIFF WAS LEGALLY BLIND — THUS THE REASON DEFENDANT PLACED PLAINTIFF IN THE "SPECIAL NEEDS" BLOCK — AND EVEN AFTER PLAINTIFF FILED A WRITTEN GRIEVANCE WITH DEFENDANT DETAILING HIS BLINDNESS (THAT DEFENDANT ALREADY KNEW), THE DANGER OF THE TOP BEDS (AS THEY HAD NO EASY OR CONVENTIONAL WAY TO GET UP ON THEM)— LIKE A LADDER, STEPS ETC.) — THE DEFENDANT DELIBERATELY IGNORED AND NEGLECTED PLAINTIFF'S SAFETY WHICH RESULTED IN THE SERIOUS INJURY OF PLAINTIFF WHEN HE FELL OFF OF TOP BED ATTEMPTING TO GET UP ON IT. THUS DEFENDANT VIOLATING PLAINTIFF'S 8TH AMENDMENT RIGHTS.

DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN HE IN HIS OFFICIAL CAPACITY/INDIVIDUAL CAPACITY [struck] ACTED WITH DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF WHEN DEFENDANT DELIBERATELY DIDN'T TAKE ANY SIGNIFICANT ACTION TO SAFEGUARD AND PROTECT PLAINTIFF AND ANOTHER INMATE FROM AN INMATE THAT HAD BEEN MAKING THREATS OF VIOLENCE AGAINST PLAINTIFF — OF WHICH PLAINTIFF REPORTED TO DEFENDANT IN A COMPLAINT ON THE KIOSK. AND AS CAPTAIN FONDREN STATED ON THE KIOSK GRIEVANCE FROM PLAINTIFF THAT HE (CAPTAIN FONDREN) HAD REFERRED THE MATTER TO DEFENDANT BUIRD.

AFTER KNOWLEDGE OF THREATS OF VIOLENCE AGAINST PLAINTIFF, DEFENDANT DELIBERATELY DIDN'T PUNISH OR SEPERATE THE THREATENING INMATE — AS A RESULT PLAINTIFF WAS SEXUALLY ASSAULTED BY THAT SAME THREATENING INMATE ON 4 -15-17) AS A RESULT OF DEFENDANT BUIRD'S DELIBERATE NEGLIGENCE IN VIOLATION OF PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS.

## Quality Correctional Health Care

DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN THEIR [struck] EMPLOYEE NURSE KRISTIE AND HEAD NURSE JANE LAWERENCE (OR LAURENCE) WHO WERE THE REPRESENTATIVES OF QUALITY CORRECTIONAL HEALTH CARE AT THE SHELBY COUNTY JAIL AS MEDICAL STAFF — WHO BOTH DID IN FACT ACT WITH DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF WHEN DEFENDANTS EMPLOYEES/REPRESENTATIVES HAD PLAINTIFF MOVED TO A LOCK-UP CELL (BKFI) BY REQUEST TO JAIL OFFICIALS WHERE AGAINST ANY SOUND OR PROPER MEDICAL TREATMENT PLAINTIFF WAS FORCED TO WALK TO THIS CELL (BKFI) EVEN THOUGH HIS INJURIES SUSTAINED FROM A FALL OFF OF TOP BED WERE DOCUMENTED WITH THESE Q.C.H.C. NURSES AND THE SERIOUS AILMENTS OF BACK PAIN, LOSS OF FEELING IN LEGS AND BACK. WITH TORN BACK MUSCLES AND PINCHED NERVES IN BACK MADE PLAINTIFF S    TO THE HIGH POSSIBILITY OF FALLING ON FLOOR AND FURTHER DAMAGING CURRENT INJURIES — WHICH IS EXACTLY WHAT HAPPENED TO PLAINTIFF ONCE HE WALKED INTO THE (BKFI) CELL — WHERE PLAINTIFF — IN VIOLATION OF HIS 8TH AMENDMENT RIGHTS

[struck line]

PLAINTIFF UPON ENTERING (BKFI) CELL  COLLAPSED TO FLOOR AND WITH MULTIPLE ATTEMPTS TO STAND - FELL AND

PG 4(d)

MAKE IT THE CELL DOOR, PLAINTIFF CRAWLED TO THE DOOR AND KNOCKED ON THE DOOR, ALSO YELLING FOR HELP. NURSES KRISTIE AND HEAD NURSE JANE LAWERENCE OBSERVED PLAINTIFF ON FLOOR IN PAIN ON THE VIDEO SCREEN IN THE NURSES STATION OF THE MEDICIN UNIT (AS BKFI HAD A CAMERA FOR MEDICAL AND JAIL OBSERVATION) AND THESE (Q.C.H.C) NURSES DELIBERATELY IGNORED, NEGLECTED, AND REFUSED TO GO SEE AND ADMINISTER ANY MEDICAL TREATMENT TO PLAINTIFF — AS PLAINTIFF WAS IN SEVERE PAIN AND PARALYZED DUE TO INJURIES AND FURTHER ACQUIRED ~~INJORAS~~ MORE INJURY TO CURRENT INJURIES. PLAINTIFF AS A RESULT WAS MADE TO LAY IN HIS OWN FECES & URINE FOR OVER (7) PLUS HOURS ~~AND~~ WITHOUT ANY MEDICAL ATTENTION FROM ANY (Q.C.H.C) NURSES, INCLUDING WHATEVER NURSE CAME ON SHIFT AFTER NURSE KRISTIE AND HEAD NURSE JANE LAWERENCE (OR LAURENCE) BECAUSE THESE REPRESENTATIVES FAILED TO NOTIFY THE NEXT NURSE SHIFT AND FAILED TO PROPERLY OBSERVE AND RESPOND TO PLAINTIFF'S 6 SERIOUS MEDICAL NEEDS CLEARLY ON THE VIDEO SCREEN OF THE NURSES STATION, AND THIS WAS ALL DONE DELIBERATELY NEGLIGENCE BY THE REPRESENTATIVE NURSES OF QUALITY CORRECTIONAL HEALTH CARE. THUS IN VIOLATION OF PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS. QUALITY CORRECTIONAL HEALTH CARE IS A CONTRACTED MEDICAL PROVIDER OF THE SHELBY COUNTY JAIL. DR BAKER IS AS WELL A MEDICAL REPRESENTATIVE OF (Q.C.H.C) AT THE JAIL AND DELIBERATELY ACTED INDIFFERENT TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY TO PLAINTIFF WHEN HE DELIBERATELY DENIED PLAINTIFF PROPER MEDICAL TREATMENT WHEN HE MADE DECISIONS NOT TO GIVE PLAINTIFF A BACK BRACE PAIN MEDS AFTER SUSTAINING BACK INJURIES WHILE HE (DR.) DIDN'T HAVE THE REQUIRED DOCUMENTATION FROM HOSPITAL IN ORDER TO BE ABLE TO TO A CORRECT MEDICAL EVALUATION — ALL OF WHICH PROLONGED PLAINTIFF'S PAIN AND WORSENED HIS INJURIES.

## COUNTY (COMMISSIONER TERRY ROWLAND)

DEFENDANT ACTED UNDER THE COLOR OF STATE/LOCAL LAW WHEN HE IN HIS OFFICIAL CAPACITY AS SHELBY COUNTY COMMISSIONER ~~DELIBERATELY~~ ACTED WITH THE DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS HARM AND INJURY HAPPENING TO PLAINTIFF AND THE OTHER INMATES OF THE SHELBY COUNTY JAIL — WHEN HE DILIBERATELY CHOSE TO IGNORE AND NEGLECT THE SERIOUSLY DANGEROUS SAFETY HAZARDS OF THE TOP BEDS AND THEIR DESIGN IN THE SHELBY COUNTY JAIL WHEN PLAINTIFF NOTIFIED HIM IN A LETTER (12-23-16) OF THE DETAILED SAFETY HAZARD ELEMENTS OF THE COUNTY JAIL TOP BEDS (THAT WERE CONSTRUCTED IN A WAY AS TO ~~PRESE~~ NOT PRESENT OR BE EQUIPPED WITH AN EASY OR CONVENTIONAL WAY (AS IN A LADDER OR STEPS, HANDLES ETC.) TO ACCESS OR GET UP ON THE TOP BED WHICH NATURALLY PRESENTED A HIGH POTENTIAL OF FALLING OR SLIPPING AS ONE ATTEMPTS TO CLIMB 6FT ON TOP BED. DEFENDANT AS WELL WAS NOTIFIED OF THE ~~COUNTY~~ SHELBY COUNTY SHERIFF'S INTENTIONAL DISREGARD FOR SUCH SAFETY HAZARDS AND THE SERIOUS DANGER PLAINTIFF WAS IN AT THE COUNTY JAIL WITH HIS MEDICAL ISSUE OF "LEGAL BLINDNESS" AND BEING FORCED TO SLEEP AND GET UP ON ONE OF THOSE UNSAFE TOP BEDS. WHEREAS SUCH SAFETY HAZARDS INCREASE DRAMATICALLY WHEN COUPLED WITH PLAINTIFF'S LEGAL BLINDNESS — AND THE COUNTY JAIL OFFICIALS DELIBERATE REFUSAL TO RECTIFY (IMMEDIATELY) PLAINTIFF'S DANGEROUS UNSAFE SITUATION BY SIMPLY ASSIGNING HIM TO A BOTTOM BED.

DEFENDANT DELIBERATELY ~~CHOSE~~ NOT TO RESPOND AND MAKE AN EFFORT TO CHANGE THE CONDITION AT THE COUNTY JAIL AND AS A RESULT PLAINTIFF WAS SERIOUSLY INJURED FROM AN ALMOST 6FT DROP ~~FROM~~ (BACKWARDS) OFF OF A TOP BED.
THUS DEFENDANT VIOLATING PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS.

Pg. ~~1~~ ~~11~~ 4.(E)

①

## "STATEMENT OF CLAIM"

"STATEMENT OF CLAIM"

I AM A LEGALLY BLIND PERSON THAT IS INCARCERATED AT THE SHELBY COUNTY JAIL, MY SEVERE BLINDNESS WAS RECOGNIZED AND ~~E~~ NOTED BY THE JAIL'S OFFICERS AND CLASSIFICATION OFFICER (MR. K. BUIRD)

UPON MY RELEASE FROM STANDARD PROCEDURAL ISOLATION (12-9-16), I WAS MOVED AND ASSIGNED TO ANOTHER BLOCK TITLED "SPECIAL NEEDS BLOCK" (AN INMATE DORM FOR INMATES WITH SPECIAL MEDICAL PROBLEMS OR NEEDS). IN THIS DORM I WAS ASSIGNED TO A 2-MAN CELL AND ASSIGNED TO THE TOP BUNK BED IN THE CELL.

THE TOP BEDS ARE CONSTRUCTED IN A WAY THAT PRESENTS NO EASY OR SIMPLE CONVEN WAY TO ACCESS OR GET UP ON THE TOP BED. (NO LADDERS, STEPS OR HANDLES), AND SINCE I AM SEVERLY BLIND, IT WAS EXTREMELY DIFFICULT FOR ME TO GET UP ON THE TOP BED AND I WAS SHOWN THAT THE ONLY WAY TO GET UPON THE ~~BED~~ TOP BED WAS BY STEPPING ONTO THE TOILET THEN STEPPING UP ON THE SINK AND SWINGING A LEG UP FROM THE SINK — UP ONTO THE TOP BED AND PULLING THE REST OF YOUR BODY ONTO THE TOP BED BY GRABBING A CORNER OF THE TOP BED (WHICH ISN'T AN EASY TASK). THE SINK IS 2 FEET ABOVE THE TOILET (AT AN SLANTED ANGLE) THE BED IS 3 FT ABOVE S

SO I WAS CONSTANTLY IN FEAR OF FALLING AND WASN'T SATISFIED — ~~S~~ AND WANTED TO COMPLAIN AND MAKE MY PREDICAMENT KNOWN TO THE JAIL OFFICIALS IN HOPE TO BE GIVEN A BOTTOM BED — I COULDN'T USE THE JAIL BLOCK'S KIOSK TO TYPE AND SUBMIT A REQUEST AND GRIEVANCE BECAUSE I COULDN'T SEE THE LETTERS ON THE ~~3~~ VIDEO SCREEN AND SO I HAD ANOTHER INMATE (TO WRITE A REQUEST TO THE CLASSIFICATION OFFICER (MR. BUIRD) FOR ME ON (12-12-16) BECAUSE (MR BUIRD) THE CLASSIFICATION OFFICER USUALLY DECIDES THE INMATE BED MOVEMENTS. A BOTTOM BED WAS REQUESTED AND THE NATURE AND SPECIFICS OF MY MEDICAL REASON WAS STATED CLEARLY AS MR BUIRD WAS AWARE OF MY SIGHT IMPEDIMENT (LEGAL BLINDNESS).

NO RESPONCE CAME FROM MR. BUIRD AND SO I HAD ANOTHER INMATE WRITE ~~A~~ A GRIEVANCE FOR ME TO CAPTAIN FONDREN ON (12-15-16) AND I STATED THE PROBLEMS — (TOP BED, BLINDNESS NO RESPONCE TO MY REQUEST FROM MR BUIRD etc.) AND I REQUESTED A BOTTOM BED. THE GRIEVANCE WAS RETURNED ON (12-19-16) WITH A MESSAGE WRITTEN ON IT " WILL GET TO YOU SOON!) DATED 12-19-16.

ON (12-20-16) I HAD ANOTHER INMATE WRITE A COMPLAINT \ GRIEVANCE ADDRESSED TO THE SHELBY COUNTY SHERIFF (SHERIFF JOHN SAMANIEGO) AND PRESENTED ~~THE~~ MY GRIEVANCE TO HIM ABOUT MY LEGAL BLINDNESS, MY TOP BED SAFETY ISSUE, AND THE SHELBY COUNTY JAIL ADMINISTRATI DELIBERATELY IGNORING MY SERIOUS PROBLEMS AND PROLONGING THE IMPLEMENTATION OF ANY REMEDY TO MY SAFETY ISSUES AND COMPLAINT. THE ONLY REPLY I RECEIVED WAS A NOTE SAYING " THE SHERIFF DEPARTMENT ~~WOULDN'T~~ WILL NOT CHANGE OR OVER RULE ANY DECISION MADE BY THE JAIL ADMINISTRATION -(DATED 12-22-16). — ON 12-23-16, I HAD ANOTHER INMATE WRITE A LETTER FOR ME TO THE SHELBY CO. COMMISSIONER (MR ROWLAND) STATING THE SAFETY HAZZARD ISSUES WITH THE TOP B

ON ABOUT (12-26-16) THE WHOLE LIGHTING SYSTEM WITHIN ALL THE CELLS OF 1-5 (THE SPECIAL NEEDS BLOCK) STOPPED WORKING AND WENT OFF — LEAVING ALL THE CELLS (UPSTAIRS AND DOWNSTAIRS) WITHOUT ANY LIGHTS INSIDE THE CELLS — MY CELL PARTNER AT THAT TIME ROBERT BAKER) FILED MULTIPLE GRIEVANCES ~~ON~~ AT THE BLOCK'S KIOSK ~~TO~~ OVER A PERIOD OF DAYS BOUT THE DANGER, SAFETY, AND HEALTH RISKS CREATED AS A RESULT OF THE LIGHTS GOING UNFIXED AND THE INABILITY TO SEE INSIDE OF THE CELLS OF OUR BLOCK

IN MY LETTER TO THE SHELBY COUNTY COMMISSIONER (MR TERRY ROWLAND) I STATED AS WELL THE ISSUE AND PROBLEM OF THE SHELBY COUNTY SHERIFF IGNORING THE SAFETY HAZZARD ISSUE OF THE TOP BEDS IN THE SHELBY COUNTY JAIL AND ~~REQUESTED~~ STATED MY ISSUES OF LEGAL BLINDNESS AND BEING FORCED TO SLEEP ON A TOP BED THAT IS ~~N'T~~ ABLE TO BE ACCESSED SAFELY.

Pg. 4 (F)

No Respance came from the Shelby County Commissoner.

On 12-31-16 I had another inmate to type and file a grievance for me on the Block kiosk about the lights still being out in the cells and my blindness which made getting onto the top bed more complicated and dangerous than before. I had to give the other inmate my county inmate number and security password so he could file my grievance on the kiosk which is a risky and unsafe thing to do because such allows another inmate to steal and use your monetary funds — but i was desperate for a solution.

( Lieutenant Hood ) answered the grievance and stated the lights were going to be fixed soon — He answered on (1-2-17) and didn't do anything to alleviate my grievance and the safety hazard or reassign me to a Bottom bed even though as (Lieutenant) He had the authority to do so, and as there were many inmates in the Block (A-5 Special Needs Block) that did not have a bottom bed mandate.

On (1-1-17) inmate Steve Owens was in my cell talking to me as started to try to get on my top bed and I fell from almost 6 feet in the air (Backwards) off of the top bunk bed as I was trying to get on the top bed from the sink and fell Backwards — Hitting my head (mouth) on the sink (chipping some teeth) and landed on my back on the concrete floor (Hitting the back of my head also on the concrete floor and was knocked unconscious. Steven left my cell and went to push the button for I was taken to the free world hospital and upon on regaining consciousness, I couldn't move my legs or feel my legs and back (I was paralyzed). Upon examination release from hospital, it was determined by doctors that I had torn muscles in my back and pinched nerves in my back.

As a result of these injuries I was in alot of pain when I was returned to the Shelby County Jail and was experiencing periodic loss of feeling in both legs and couldn't walk. Upon my return to the jail, I asked for a body chart to be done to document my injuries but the medical unit refused to do so

On (1-3-17) 2 days after returning from the hospital I was still in pain and was still experiencing a loss of feeling in my legs and back at times so I had another inmate to type and file a medical request for me on the Block's kiosk and I stated my injuries as well as my inability to walk, loss of feeling in legs & back, chipped teeth pain and the request for a wheel chair to be brought to me to transport me to the jail medical unit instead of walking.

On (1-4-17) I was made by an officer ( Thornburg ) to walk to the medical unit under a threat of getting a disciplinary if I refused to walk to the med. unit. This was Wednesday January 4, 2017 and I was moved by order a medical order of the Jail's doctor who ordered that I be put in the medical unit for observation (Room 114)

Thursday Jan. 5 2017, I was moved to a lock-up cell in the booking unit of the jail into cell (BKF1) by way of request from nurse Kristie and head nurse Jane Laurence or (Lawrence) for no apparent justification as I had done nothing wrong to be moved from the medical unit to a seg. cell and no justifiable documentation was ever documented for the move.

I was made to walk to the seg. cell (BKF1) and upon arriving in the cell which is equipped with a camera inside, my back and my legs gave out and I fell to the floor Backwards — I attempted to get up and fell backwards numerous times trying to get to the cell's door — I ended up crawling to the door in pain and layed on my back and started knocking on the door to get the officers 3 nurses attention as there was a officers control module outside the cell door. The officer's module and nurses station are supposed to monitor (observe) these cells through the camera video on the video screen in the officer's module in booking area and the video screen in the nurses station in the medical unit because (BKF1) had a camera in it for the observation

I LAYED ON THE FLOOR OF THE CELL KNOCKING ON THE DOOR AND YELLING "HELP!" AND "SOMEBODY PLEASE HELP ME!"
THROUGHOUT THE (7) OR MORE HOURS THAT I WAS KNOCKING AND YELLING, LIEUTENANT LAATSCH    CAME
TO THE CELL DOOR OPENED THE TRAY HOLE AND TOLD ME "HE WOULD TAKE ME TO THE MEDICAL UNIT IF I GOT UP OFF THE FLOOR A
IF I DIDNT GET UP, I WASNT GOING TO MEDICAL AND IT WAS MY CHOICE." I TOLD LIEUTENANT LAATSCH THAT I COULD
MOVE BECAUSE, I WAS ALL FEELING IN MY LEGS AND MY BACK AGAIN FROM THE FALL OFF THE TOP BED DAYS AGO, HE TOLD ME
"GET UP MAYBE STAY!" AND THEN CLOSED THE TRAYHOLE DOOR AND WALKED AWAY. I CONTINUED TO BEAT ON THE DOOR
AND YELL FOR HELP. —— AT ONE POINT OFFICER THORNBURG COMES INTO THE BOOKING AREA AND YELLS AT ME "SHUT UP!"
"YOU'RE A PAIN IN THE ASS!" "IF THE NURSES HAVENT COME BY NOW, THEY'RE NOT COMING!" "SO JUST SHUT UP!"
IN THE COURSE OF THOSE JUST AS THE CELL BKFI HAD CAMERA, LIKEWISE THE BOOKING AREA OF THE JAIL ON THE
FEMALE'S SIDE HAD CAMERAS VIDEOING THE AREA OUTSIDE OF MY CELL THUS VIDEOING LIEUTENANT LAATSCH
AND OFFICER THORNBURGS PRESENCE.
     IN THE COURSE OF THOSE (7) PLUS HOURS (2:30 PM- 9:30 PM) I COULDNT MOVE OFF THE FLOOR AND
ENDED UP USING THE BATHROOM ON MYSELF (URINE & FECES) AND HAD TO LAY IN IT FOR OVER (7) HOURS.  AT SOME
POINT I CAN BE SEEN KNOCKING ON THE DOOR WITH TRAY AS I LAYED ON THE FLOOR —— THEN ALSO I FELT
SHARP PAINS OVER MY HEART AREA THEN LOST CONSCIOUSNESS (BLACKED OUT) AND AWOKE SOME TIME LATER
FEELING WEAK, FEELING PAIN IN MY CHEST AREA AND UNABLE TO MOVE —— AND STILL HADNT RECIEVED
ANY MEDICAL ATTENTION.  (I WAS TOLD DAYS LATER BY AN OFFICER THAT I HAD BEEN SEEN (ON VIDEO
BY THE NURSES AND OFFICERS HAVING CONVULSIONS AND SHAKING LIKE I WAS HAVING A
HEARTATTACK AND THE NURSES AND OFFICERS HAD THOUGHT IT WAS FUNNY AND EVEN MADE JOKES SAYING
"HOW DO YOU LIKE YOUR HE·BREW?" (AS IN JEWISH (HE·BREW) WITH THE "BREW" HAVING AN
ALCOHOLIC TWISTED MEANING) AND THE ANSWER GAVE WAS "SHAKING-NOT STIRRED!" (AS I AM A KNOWN
MEMBER OF THE JEWISH RELIGION IN THE JAIL)
     AS A RESULT OF THAT DELIBERATE LACK OF PROPER MEDICAL ATTENTION, MY BACK HASN'T BEEN
COMPLETELY NORMAL AGAIN I'M STILL EXPERIENCING BACK PAIN AND BACK SPASMS.
     I WAS REMOVED FROM THE SEG. CELL (BKFI) AND PLACED BACK INTO THE MEDICAL UNIT 2 DAYS LATER AND
SAW THE DOCTOR ON (WEDNESDAY - JAN. 11, 2017) AND (DR. BAKER    ) MADE SOME IMPROPER DECISIONS
AND CONCLUSIONS CONCERNING MY INJURIES THAT ONLY SERVED TO WORSEN MY INJURIES, SYMPTONS, AND HEALIN
PROCESS —— SUCH AS REFUSING TO GIVE ME A BACK BRACE, PAIN MEDICATION, AND CONCLUDING THAT NO
FURTHER MEDICAL TREATMENT AND ATTENTION WAS NEEDED —— EVEN THOUGH HE (DR. BAKER   ) NOR ANY
OTHER QUALITY CORRECTIONAL HEALTH CARE MEDICAL STAFF POSSESSED ANY DOCUMENTATION OR MEDICA
REPORT FROM THE HOSPITAL ABOUT MY INJURIES AND I HEARD THE DOCTOR SPEAK SUCH LACK OF DOCUMENTATI
AND MEDICAL REPORT TO HEAD NURSE JANE LAWERENCE (OR LAURENCE) —— SUCH DOCUMENTATION FROM THE
HOSPITAL WAS NECESSARY IN ORDER TO BE ABLE TO FORMULATE OR ARRIVE AT A PROPER AND CORRECT
MEDICAL CONCLUSION OR MEDICAL TREATMENT BY (DR. BAKER    ). I REQUESTED A BODY CHART TO B
DONE ON MY ACCIDENT AND INJURIES AND THE DOCTOR REFUSED TO HAVE IT DONE AND TOLD ME "YOU WONT BE
RECEIVING ANY FURTHER TREATMENT LIKE A CHIROPRACTOR AS MOST BACK INJURIES REQUIRE BECAUSE
(QCHC) ISNT GOING TO PAY FOR IT AND NEITHER WILL THE COUNTY JAIL" —— HE SAID THIS IN RESPONCE TO ME TELL
HIM WHAT THE DOCTOR AT THE HOSPITAL HAD RECOMMENDED IN REFERENCE TO A CHIROPRACTOR AND MY BA
     I WAS RELEASED FROM THE MEDICAL UNIT ON THAT (WEDNESDAY JAN. 11, 2017) AFTER SEEING THE DOCTOR
AND THE LIGHTS IN THE (A5 — SPECIAL NEEDS BLOCK) STILL HADNT BEEN FIXED WHICH AMOUNTED TO ___
IT TOOK A TOTAL OF ___ WEEKS TO FIX THE LIGHTS AND DURING THIS PERIOD NOTHING WAS DONE TO LESSEN OR
ELIMINATE THE SAFETY HAZARDS POSED BY THE LIGHTS BEING UNFIXED SUCH AS MOVING THE INMATES
OF "THE SPECIAL NEEDS BLOCK" TO ANOTHER BLOCK —— AS THE JAIL FREQUENTLY INCREASES THE 2-MAN CELLS
TO THE CAPACITY OF 3 PEOPLE IN OTHER BLOCKS OF THE JAIL.
     FURTHER MORE THE DESIGN AND POSITION OF THE TOP BEDS IN BLOCKS SUCH AS A5 A-5, A-6 ETC ARE SO POORLY
POSITIONED AND DESIGNED UNTIL ACCESSING THE TOP BEDS PRESENTS CIRCUMSTANCES COMPARABLE TO
OBSTACLE COURSE IN ORDER TO GET UP ON THE TOP BEDS —— WHEREAS AS THE ESTABLISHED NORM OF HOW
INMATES GET ONTO THE TOP BED IS —— STEPPING UP ONTO THE TOILET, THEN STEPPING UP ONTO A SINK,
THEN SWINGING A LEG UP ONTO THE TOP BED AND GRABBING A CORNER OF THE BED AND PULLING THE REST OF YOUR BODY
OVER AND UP ONTO THE TOP BED.  THE TOILET AND SINK BEING ON ONE WALL (A BACK WALL OF THE CELL) AND
THE TOP BED BEING ON ANOTHER WALL (A SIDE WALL OF CELL) WHERE THE SINKS ARE 2 FEET ABOVE THE TOILETS BUT
POSITIONED 2 FEET ABOVE ON THE LEFT OR RIGHT SIDE OF THE TOILET AND THE TOP BED IS 3½ TO 4 FEET
ABOVE THE SINK ON ANOTHER WALL.  THERE ARE SITTING STOOLS (ROUND STOOLS) IN MOST CELLS BUT THESE STOOLS ARE
TOO SHORT TO USE AS A STEP AND THE STOOLS HAVE WARNING LABELS ON THEM THAT WARN (NOT TO USE STEP UP ON (UNSTA
THESE STOOLS ARE COMMONLY USED TO SIT ON AT THE VISITATION VIDEO SCREENS BECAUSE THE SCREENS (VIDEO ARE POSITIONED LO
TO THE FLOOR. STEVEN OWENS AND 2 OTHER INMATES WERE PRESENT IN MY CELL AND WITNESSED MY FALL
OFF THE TOP BED ON (1-9-17) AND WITNESSED THE OFFICERS PICKING ME UP UNCONSCIOUS AND
PLACING ME IN A WHEEL CHAIR (INSTEAD OF ON A STRETCHER) WHICH IS MEDICALLY WRONG AND POSSIBLY MORE INJURI

I Filed my 1983's on these issues in March 2017. As a result the defendants of the jail retaliated against me me and delib'tely with reckless disregard a indifference to my safety and the serious substantial risk of se. us harm happening to me.

On April 2, 2017 I (Michael Powell and another inmate Christopher Franklin 304702, submitted gade towards us (me and Chris) and other inmates by another inmate Charles Grier. grievances to (captain) Fondren of the Shelby County Jail about multiple threats of violence (over numerous pa

But (Captain Fondren's) responce to our grievances on the block's kiosk was that I had someone rejected our grievances and referred the matter to officer Buird. So I had someone to file another grievance or complaint for me on the block's inmate kiosk to classification officer Buird on (April 3, 2017) — because I'm legally blind.

Classification officer Buird responded on (April 4, 2017) that he had spoken with inmate Charles Grier about it. (The threats of violence.)

(Note: Threats of violence are a disciplinary violation in the Shelby County Jail) food but captain Fondren and classification officer Buird neglected to do anything significant about Charles Grier's threats and neglected to do anything significant to prevent any physical harm happening to me by Charles Grier and allowed this inmate to remain in the same block with me and the other inmate who was threatened by Charles Grier. The block being "the special needs medical block" and there was no justifiable reason or documented medical reason why Charles Grier should've been in "the special needs block" or should've been allowed to remain in "the special needs block" after threats of violence towards me and others — because Charles Grier had no serious special medical needs issues.

On April 15, 2017 at about 12:32 PM I make a phone call and afterwards I go to Charles Grier's cell to see what he had wanted to talk to me about (As he (Charles Grier) had told me to come see him after lunch and I told him I had to make a phone call at 12:32 PM when the phones got turned on.)

I went to the Charles Grier cell after my phone call and stood in the doorway knocking on the cell door, Charles Grier told me to come on in the cell and told his cell partner to watch the door for him (As a lookout), the cell partner got up and walked to the door behind me and stood in the cell door looking behind him into the dayroom and back in the cell, Charles Grier told me to come sit down and when I moved to sit stand by the toilet, Charles Grier asked me "Can you see this?" (moving his arm) and I told him "Man, you know I'm blind as hell and can't see anything too good at all" that's when Charles Grier said "Can you see this here?" and then quickly reached out and grabbed me by the front of my elastic waist pants with one hand and wrapped his other arm around my waist and held me. I started struggling to get loose and told him to "turn me loose" and then his hand went in my pants and grabbed my penis and pulled it out and put his mouth on my penis then I forced him off of me and told him I'm not with that kind of crap and don't ever try it again — then Charles told me to "please not tell anyone" but I said I was going to report him and the incident as a sexual assault and then he spit on me the cell and he yelled at me "please don't do that, I'm all-ready in jail for a sex case!" I still kept going and walked around to figure out what to do. Charles Grier's cell was (A5-Lower 3)

At one point I get on the phone and make a call to the P.R.E.A sexual assault line and state my situation. Then I go and push the go intercom button to speak with the officer in the A-side tower and tell told him that I needed to see an officer in the block because another inmate (Charles Grier) had assaulted me twice.

An officer came much later and called me into the hallway outside of A6, A7, A8 blocks and asked me "What happened?" and I told him everything about the sexual assault and being spit on (showed the spit on my head) and I was sent back into that block and then later an officer called Charles Grier into the hallway and 30 minutes later, I was told on the intercom to pack up my property because I was going to seg. and I was told on my way to seg. that Charles Grier had told the same officer I had reported to — that I had hit him (Charles Grier) — then they locked me up and didn't do anything to Charles Grier again — even though I had told the officer that I food had had problems of threats with Charles Grier in the past and had reported those threats to the captain (Fondren) and classification officer K. Buird. After the tase I was taken to the jail's medical unit for a body chart and the

pg. 4 (II)

NURSE (NURSE DANA) RECORDED THE SCRATCHES ON MY PENIS (AS SHE SAW THEM) AND DOCUMENTED THEM ON MY BODY CHART. THE OFFICERS WAITED DAYS TO GET MY BODY CHART DONE, SCRATCHES WERE STILL SHOWING ON PENIS AND NURSE DOCUMENTED THE SCRATCHES. ONCE IN SEG. I HAD MULTIPLE GRIEVANCES FILED FOR ME TO CAPT. FONDREN (                     ) AND CLASSIFICATION OFFICER BLIRD (                     ) AND I EXPLAINED HOW I HAD REPORTED THE THREATS OF VIOLENCE AGAINST ME BY CHARLES GRIER. AND NEITHER OF THEM HAD DONE ANYTHING TO CHARLES GRIER ABOUT THOSE THREATS OF VIOLENCE AND THE INCIDENT I REPORTED OF GETTING SEXUALLY ASSAULTED AND SPIT ON WAS A RESULT OF THEM NEGLECTING TO DO ANYTHING TO PREVENT ANY VIOLENCE FROM CHARLES GRIER AGAINST ME.

I WAS LOCKED UP IN SEG. AND THEY CHARGED ME WITH AN ASSAULT ON CHARLES GRIER AND SAID HE (CHARLES GRIER) HAD A WITNESS THAT SAID I ASSAULTED HIM. CHARLES GRIER BUT THE VIDEO OF ( APRIL 15, 2017   12:32 PM - 4:00 PM ) CLEARLY SHOWED THAT CHARLES GRIERS CELL PARTNER WAS ONLY IN THE CELL FOR A FEW MINUTES WATCHING FROM THE DOOR THEN LEFT AND DIDN'T SEE THE WHOLE INCIDENT — BUT AT THE DISCIPLINARY HEARING WHEREAS LT. LAATSCH WAS THE HEARING OFFICER, MY 5 & 14TH AMENDMENT RIGHTS OF DUE PROCESS WERE VIOLATED BY LT. LAATSCH AS HE DID NOT ALLOW ME OR PERMIT ME TO CALL MY WITNESSES AND PRESENT QUESTIONS TO THEM (MY WITNESSES) AT THE HEARING, NOR DID LT. LAATSCH PERMIT ME TO QUESTION OR PRESENT QUESTIONS TO CHARLES GRIER AT THE HEARING, NOR DID LT. LAATSCH PERMIT ME TO QUESTION OR PRESENT QUESTIONS TO THE ARRESTING OFFICER WHO WASN'T AT THE HEARING. LT. LAATSCH EVEN ACTED AS IF HE DIDN'T EVEN HAVE ANY DOCUMENTATION OF ME REPORTING THE 2 ASSAULTS (SPITTING & SEXUAL ASSAULT) BY CHARLES GRIER TO AN OFFICER AND I WAS TOLD THAT THEY (LT. LAATSCH & THE JAIL ADMINISTRATION) DIDN'T KNOW WHO THE OFFICER WAS THAT I REPORTED THE INCIDENTS TO WHEN IN FACT IT WAS THE SAME OFFICER WHOM CHARLES GRIER LIED AND TOLD I HIT HIM. SUCH DEPRIVATIONS ARE OF THE SHELBY CO. JAILS DISCIPLINARY HEARING PROCEDURES.

ON APRIL 16, 2017 I HAD A GRIEVANCE TYPED ON THE KIOSK FOR ME TO (CAPTAIN FONDREN) AND CLASSIFICATION OFFICER (K. BLIRD) ANSWERED THE CAPTAIN'S GRIEVANCE AND STATED THAT (LIEUTENANT HOOD) WAS HANDLING MY COMPLAINT. IN THAT GRIEVANCE I STATED THE (FACTS) THAT I HAD BROUGHT THE THREATS OF VIOLENCE BY CHARLES GRIER TO HIS ATTENTION — BUT CLASSIFICATION OFFICER BLIRD ALSO KNEW ABOUT MY PAST PROBLEMS OF "THREATS OF VIOLENCE" FROM CHARLES GRIER FROM PAST INCIDENTS BECAUSE I WROTE A GRIEVANCE TO HIM (OFFICER BLIRD) ON (4-3-17) JUST AS I FIRST BROUGHT IT TO THE CAPTAIN FONDREN'S ATTENTION. BUT CLASSIFICATION OFFICER (K. BLIRD) CHOSE NOT PRESENT THESE FACTS TO MY DEFENSE IN THE LUDICROUS DISCIPLINARY CHARGE OF "ASSAULT" AGAINST CHARLES GRIER.

LIEUTENANT HOOD IN HIS INVESTIGATION OF MY SEXUAL ASSAULT CLAIMS WAS GIVEN PROOF OF INJURIES (SCRATCHES & BLOOD) ON MY PENIS FROM THE BODY CHART THAT NURSE DANA WROTE OUT AND SHOWED HIM IN THE INFIRMARY. BUT LIEUTENANT HOOD CHOSE NOT TO DO ANYTHING TO CHARLES GRIER IN THE FACE OF CLEAR EVIDENCE. AND THE WITNESSES IN THE A-5 BLOCK THAT TOLD (LT. HOOD) OF SEEING CHARLES GRIER GRABBING ME IN MY PENIS AREA BECAUSE THEY WERE STANDING IN THE T.V. ROOM FACING TOWARD THE A5-LOWER 3 CELL, OF WHOM I HAVE SIGNED AFFIDAVITS OF THOSE WITNESSES STATING WHAT THEY SAW AND TOLD LT. HOOD.

I AM A ALABAMA STATE PRISON INMATE THAT NEVER SHOULD'VE BEEN IN THE SAME BLOCK WITH THE COUNTY INMATE CHARLES GRIER IN THE FIRST PLACE. MY STATE PAROLE HAD BEEN VIOLATED SINCE NOVEMBER 4, 2016 AND I SHOULD'VE BEEN TRANSFERRED BACK INTO ALABAMA STATE PRISON CUSTODY.

LIEUTENANT HOOD'S INVESTIGATION INTO MY SEXUAL ASSAULT CLAIM AGAINST CHARLES GRIER WAS A VIOLATION OF MY DUE PROCESS 5 & 14TH AMENDMENT RIGHTS AS HE DIDN'T QUESTION ME OR TALK TO ME AT ALL IN THE COURSE OF HIS INVESTIGATION AND EVEN AFTER CLEAR EVIDENCE OF THE SEXUAL ASSAULT (SCRATCHES ON MY PENIS & BLOOD) HE (LT. HOOD) CHOSE NOT TO ALLOW ME TO PRESS CHARGES AND (FELONY CHARGES) AGAINST CHARLES GRIER AND THROUGH FAULTY, MYOPIC INVESTIGATION TECHNIQUES OF LT. HOOD I WAS DEPRIVED OF RIGHTFUL JUSTICE AND DUE PROCESS. AS A VICTIM OF A SEXUAL ASSAULT. AND THE ATTEMPTS OF LT. HOOD, CLASSIFICATION OFFICER K. BLIRD, AND OFFICER R. BLEDSOE IS AN ATTEMPT TO COVER UP AND HIDE

Pg 4 (J)

THE FACTS OF THE CLEAR EXISTENCE OF THE SEXUAL ASSAULT UPON PLAINTIFF BECAUSE THE SEXUAL ASSAULT WAS A CLEAR RESULT OF SOME OF THE DEFENDANTS (CAPTAIN FONDREN / OFFICER K. BOLK INTENTIONALLY NOT DOING ANYTHING ABOUT THE THREATS OF VIOLENCE THAT THE INMATE MADE DAYS IN ADVANCE PRIOR TO HIM SEXUALLY ASSAULTING PLAINTIFF. WHICH WAS DONE IN RETALIATION AGAINST PLAINTIFF FOR FILING CIVIL LAWSUIT AND ALLOWING A DANGEROUS CIRCUMSTANCE TO EXIST & POSSIBLE HARM PLAINTIFF AN ADMINISTRATION OFFICER R. BLEDSOE DID THE DISCIPLINARY APPEAL ON PLAINTIFF'S DISCIPLINARY AND STATED HOW HE HAD "TRIED TO FIND SOME EVIDENCE TO SHOW THAT THE INCIDENT OCCURED " 4-19-1 WHICH IS CLEARLY & FALSELY STATED ON THE KIOSK RECORD (UNDER DISCIPLINARY APPEAL) BECAUSE THERE IS AND WAS A MEDICAL BODY CHART DONE ON PLAINTIFF'S PENIS WHICH SHOWS (SCRATCHES & BLOOD) WHICH WAS THE RESULT OF THE SEXUALLY ASSAULTING INMATE GRABBING PLAINTIFF'S PENIS.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   ☐   Yes

   ☑   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

        Plaintiff(s)        N/A

        Defendant(s)        _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

        _____

   3.   Docket or index number

        _____

   4.   Name of Judge assigned to your case

        N/A

   5.   Approximate date of filing lawsuit

        _____

   6.   Is the case still pending?

        ☐   Yes

        ☐   No

   If no, give the approximate date of disposition.        N/A

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

IX.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff      *MICHAEL A POWELL*

Prison Identification #      *305725*

Prison Address      *P.O. BOX 1240*

*Columbiana*          *AL*          *35051*
City                          State                     Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      *5 16 17*
(Date)

*[signature]*
Signature of Plaintiff

10

## DEFENDANTS

SHERIFF  JOHN SAMANIEGO
Lt.  TIMOTHY LAATSCH
Lt.  HOOD ~~Moore~~
CAPTAIN  JAY FONDREN
Classification OFFICER  K. BUIRD
QUALITY CORRECTIONAL HEALTH CARE
COUNTY COMMISSIONER TERRY ROWLAND

# RELIEF

1.)   I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $350,000 FROM DEFENDANT SHERIFF JOHN SAMANIEGO FOR PAIN AND SUFFERING, NEGLIGENCE AND PERSONAL INJURY

2.) I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $250,000 FROM DEFENDANT LIEUTENANT TIMOTHY LAATSCH FOR PAIN AND SUFFERING, NEGLIGENCE AND PERSONAL INJURY

3.) I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $250,000 FROM DEFENDANT LIEUTENANT   HOOD FOR PAIN AND SUFFERING, NEGLIGENCE, AND PERSONAL INJURY

4.) I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $300,000 FROM DEFENDANT CAPTAIN JAY FONDREN FOR PAIN AND SUFFERING, NEGLIGENCE, AND PERSONAL INJURY

5.) I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $200,000 FROM DEFENDANT CLASSIFICATION OFFICER   BLIRD FOR PAIN AND SUFFERING, NEGLIGENCE, AND PERSONAL INJURY

6.) I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $350,000 FROM DEFENDANT QUALITY CORRECTIONAL HEALTH CARE FOR PAIN AND SUFFERING, NEGLIGENCE, AND PERSONAL INJURY

7.). I WANT THE COURT TO REWARD ME MONETARY AND PUNITIVE DAMAGES IN THE AMOUNT OF $275,000 FROM DEFENDANT COUNTY COMMISSIONER TERRY BOWLAND

8.) I WANT THE COURT TO REWARD PLAINTIFF WITH THE JUDGEMENT THAT DEFENDANTS PAY ALL COURT COSTS

IN THE DISTRICT COURT OF SHELBY COUNTY, ALABAMA

MICHAEL POWELL                    )
    (PLAINTIFF)                   )
v.                                )
WHEELER WRECKER SERVICES          )    CASE NO. 58-SM-2016-000270.00
                 ET,AL           )
    (DEFENDANTS)                  )

## MOTION TO ADD PLAINTIFF

COME NOW PLAINTIFF (MICHAEL POWELL) REQUESTING THAT THIS HONORABLE COURT ADD ELSIE M. JOHNSON, 875 SIMMSVILLE RD, ALABASTER, AL 35007 AS A PLAINTIFF IN THIS CASE — AS SHE IS/WAS PART OWNER OF THE AUTOMOBILE THAT IS AT THE CENTER OF THIS CASE, SHE WAS INVOLVED IN AND PRESENT DURING ALL ASPECTS & CIRCUMSTANCES OF THIS CASE (ESPECIALLY THE POLICE OFFICER REPORT), AND SHE HAS A LEGIT AND EQUAL CLAIM TO RECOVER MONETARY LOSSES IN THIS CASE ON ALL LEVELS AS SHE WAS/IS PART OWNER OF ~~~~~~~~~ (AUTOMOBILE INTERIOR DESIGN BUSINESS) THAT BEARS MY NAME (MICHAEL POWELL) — THEREFORE EXISTING AS SUFFICIENT REASON AND GROUNDS FOR ELSIE M JOHNSON TO BE GRANTED STATUS AS ADDITIONAL PLAINTIFF IN THIS CASE, UPON PAYMENT ~~~~~~~ OF $20⁰⁰ FEE

DATE 6-10-17                          SUBMITTED BY _____
                                                    MICHAEL POWELL

I _____ A NOTARY PUBLIC, IN AND FOR THE COUNTY OR STATE, HEREBY CERTIFY THAT Michael Powell _____ APPEARED BEFORE ME AND ACKNOWLEDGED THE CONTENTS OF THIS DOCUMENT AS TRUE WITH HIS ABOVE SIGNED SIGNATURE.

GIVEN UNDER MY HAND THIS 10 DAY OF June , 2017
SIGNATURE OF NOTARY PUBLIC _____
MY COMMISSION EXPIRES 1/24/19

Date 12-15-16

<u>Grievance</u>

Captain Foydren,

I'm Michael Powell I am a Legally blind Inmate, that has been assigned
to a top bed. I have sent requests to Classification Officer
Buird about a bed change to a bottom bed but got no responce
the top beds are a safety hazard because they have no
Ladders, steps, or handles and thus no easy way for inmates to
get up on the top beds. the common method used is to climb
on the toilet, then sink, and swing ones self up onto top bed
one leg at a time. I am legally blind and so its even more
dangerous for me to do so. I had another inmate to write
this for me as i can't see good enough to use the block's Kiosk
and type on it.

          I've told both Lt.s and they told me they'd check but
haven't done anything and i think my situation is too serious
and too dangerous too be prolonged.


12-19-16                                    By Michael Powell
                                             " Special needs dorm "
Will get to
you soon